UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES                                                    CIVIL ACTION

VERSUS

LOUISIANA WORKFORCE COMMISSION, ET AL.                           NO. 09-0652-RET-CN

NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, December 3, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES                                                                CIVIL ACTION

VERSUS

LOUISIANA WORKFORCE COMMISSION, ET AL.              NO. 09-0652-RET-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motions to Dismiss of defendant Louisiana Workforce Commission ("LWC), rec.doc.nos. 23 and 25. These motions are opposed.[1]

The pro se plaintiff, Naomi Sandres, filed this action pursuant to 42 U.S.C. § 1983 against LWC and MV Tech Autoworks, L.L.C. ("MV Tech"), seeking unemployment compensation benefits allegedly due and owing from LWC after her separation from employment with MV Tech.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal,___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which

---

[1]  The second motion to dismiss is essentially identical to the first but was filed in response to the plaintiff's filing of an Amended Complaint.

it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In her Complaint, as amended, the plaintiff alleges that she was the subject of racial discrimination by her employer, MV Tech, during the period of her employment with that company between January and May, 2008. In addition, the plaintiff asserts that MV Tech conspired with LWC to deny her extended unemployment benefits which she believes were due to her. She further asserts that LWC failed to follow its normal practices and procedures with regard to payments of extended unemployment benefits, misrepresented the amounts due to the plaintiff, and acted unfairly, deceptively, fraudulently and in bad faith in adjudicating her claim, first denying the claim, then telling her on the telephone that she would receive payments, and thereafter again denying the claim. The plaintiff also appears to assert that LWC has mishandled her file documents and has improperly shared these documents with other state agencies, ostensibly to interfere with or to retaliate against her for other pending litigation which she is pursuing against state agencies. The plaintiff prays for a lump sum payment from LWC of unpaid unemployment benefits, together with an additional sum of $5,000.00 "for inconvenience and suffering".

In the instant motions, LWC contends that the plaintiff is precluded from bringing this action by virtue of the Eleventh Amendment to the United States Constitution, which Amendment prohibits the bringing of a lawsuit in federal court against a state, its agencies or persons acting as official representatives thereof. The defendant is correct in this regard. "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." Daigle v. Gulf State Utilities Company, Local Union Number 2286, 794 F.2d 974 (5th Cir.), cert. denied, 479 U.S. 1008, 107 S.Ct. 648,

93 L.Ed.2d 704 (1986).  A suit against a state agency "is a suit against the state."  Id.  The LWC is a state agency established, inter alia, to administer the unemployment compensation insurance program in Louisiana.  See La. R.S. 23:1.  Although judicial review of LWC's decisions is permissible under Louisiana law, see La. R.S. 23:1634, "a state's consent to be sued in its own courts does not constitute consent to such a suit in federal court."  Daigle, supra (citing Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).  A state's immunity from suit, however, is not absolute, because "Congress may abrogate the states' immunity by authorizing such a suit", or a state "may at its pleasure waive its sovereign immunity by consenting to suit".  Meyers v. Texas, 410 F.3d 236 (5th Cir. 2005), cert. denied, ____ U.S. ___, 127 S.Ct. 2126, 167 L.Ed.2d 862 (2007), citing College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999).  A waiver is present if the state voluntarily invokes federal-court jurisdiction or makes a clear declaration that it intends to submit itself to federal court jurisdiction.  Meyers, supra.

Congress has not acted to abrogate the state's immunity, and nothing in the Louisiana statutory scheme clearly indicates that Louisiana has waived its immunity or has consented to be sued in federal court in connection with claims such as the plaintiff's herein.  Accordingly, the Eleventh Amendment precludes the plaintiff's action against LWC in this Court, and the motions to dismiss should be granted.

## RECOMMENDATION

It is recommended that the Motions to Dismiss of defendant Louisiana Workforce Commission, rec.doc.nos. 23 and 25, be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and

that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, December 3, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**